UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. |
| ) | 2:18-CR-015-DLB-MAS |
| v. ) | and |
| ) | Civil Action No. |
| RAYMOND MONTGOMERY, ) | 2:21-CV-03-DLB-MAS |
| ) | |
| Defendant/Movant. ) | |
| ) | |

**REPORT & RECOMMENDATION**

This matter is before the undersigned on Defendant/Movant Raymond Montgomery's ("Montgomery") Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. [DE 28]. Montgomery alleges that her trial counsel was ineffective and that the trial court made errors in calculating her sentence. The United States responded in opposition. [DE 33]. An evidentiary hearing was unnecessary to resolve the motion, as discussed below. Based on review of the full record, the Court recommends denial of Montgomery's § 2255 motion.

**I.    RELEVANT FACTUAL BACKGROUND**

On April 23, 2018, Montgomery appeared before the Court on an Indictment alleging two counts of possession with intent to distribute controlled substances, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon. [DE 1 (Indictment), DE 8 (Minutes)]. On July 27, 2017, Montgomery pleaded guilty to Counts 1 (possession with intent to distribute fentanyl) and 3 (possession of a firearm in furtherance of a drug trafficking crime) of the Indictment. [DE 22 (Minutes), DE 23 (Accepted Plea Agreement)]. District Judge David L. Bunning found Montgomery' plea to be knowing and voluntary and

1

concluded that an adequate factual basis in the record supported it. [DE 22 (Minutes), DE 32 (Transcript of Sentencing)].

Montgomery's sentencing occurred before Judge Bunning on November 8, 2018. [DE 26 (Minutes); DE 27 (Judgment)]. Montgomery was sentenced to a total term of imprisonment of 180 months and five years' supervised released to follow. Montgomery did not file a direct appeal. Montgomery filed the instant § 2255 motion in January 2021. In it, he argues his trial counsel, William Gallagher ("Gallagher"), was ineffective for failing to file an appeal on the following issues: the United States did not prove the elements of his § 924(c) conviction; a search warrant that uncovered evidence to be used by the United States against him was not supported by probable cause in violation of the Fourth Amendment; and the Court's Rule 11 colloquy at his rearraignment was deficient. [DE 28]. Montgomery claims his counsel "fail[ed] to consult with client about an appeal when requested by defendant."[1] [DE 28 at Page ID # 82]. The Court notes Montgomery waived his "right to appeal the guilty plea, conviction, and sentence" in his plea agreement, except for the "the length of the sentence for this offense if it exceeds the top of the advisory guideline range adopted by the court and also exceeds the statutory minimum sentence." [DE 23 at Page ID # 51 (Plea Agreement, ¶ 10)].

## II.    ANALYSIS

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal prisoner may obtain relief if his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a); *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003) ("In order to

---

[1] The Court cannot discern if Montgomery claims he requested his counsel meet with him about the possibility of a direct appeal and Gallagher refused, or if Montgomery claims he requested Gallagher file an appeal and Gallagher ignored those instructions without consulting Montgomery.

prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001))). A § 2255 movant typically must prove any factual assertions by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (*per curiam*).

In addition, strict time limitations apply to motions to vacate, set aside, or correct a sentence. Section 2255 provides in relevant part:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of
>
> (1) the date on which the judgment becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Montgomery admits his motion was not filed within one year of the date on which his judgment became final.[2] [DE 28 at Page ID # 84-85]; 28 U.S.C. § 2255(f)(1). The

---

[2] The so-called "prison mailbox rule" states that the date of filing for an incarcerated petitioner is "when the petitioner delivers his pleading to prison authorities for forwarding to the court clerk." *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002). For this reason, the § 2255 motion form (AO 243) that Montgomery utilized to files his claims has a space for the petitioner to sign and date, certifying when he placed the motion in the prison mailing system. Unfortunately, Montgomery did not sign or date his motion. That, in and of itself is a violation of Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings. Further, the Court cannot determine the exact date on which Montgomery filed his motion pursuant to the prison mailbox rule. Nonetheless, the motion was postmarked on January 6, 2021. [DE 28-1]. Montgomery admitted his motion is untimely. The

District Court entered Judgment against Montgomery on November 9, 2018. [DE 27]. Montgomery was sentenced on November 8, 2018, and Judge Bunning signed the Judgment that day. Pursuant to FED. R. APP. P. 4(b)(6) "[a] judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket." FED. R. APP. P 4(b) (setting forth the time in which a criminal appeal must be filed). Montgomery's time to file a direct appeal expired on November 23, 2018. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) ("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed."). Thus, Montgomery had until November 23, 2019, by which to file a timely § 2255 motion pursuant to § 2255(f)(1). Montgomery does not argue that (f)(2) or (3) apply to his case. However, he argues that (f)(4) applies to his motion, and therefore his motion only had to be filed within one year of the date on which the facts supporting his claims could have been discovered through the exercise of due diligence.

A.    **MONTGOMERY'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM IS UNTIMELY**

Montgomery first argues that his attorney was ineffective for failing to file a notice of appeal.

The Sixth Circuit Court of Appeals addressed an almost identical argument in *Moore v. United States*, 438 Fed. App'x 445, 448 6th Cir. 2011). There, as here, the petitioner claimed he asked his counsel to file an appeal immediately after the Court entered judgment against him. *Moore v. United States*, 438 Fed. App'x 445, 447 (6th Cir. 2011). Moore claimed that he did not realize for more than two months after the deadline to file his notice of appeal that his attorney had

---

postmark suggests Montgomery filed the motion in early January 2021, more than a year after his time to file a timely § 2255 petition expired. Thus, the Court finds that the motion is untimely even if the precise date Montgomery placed it in the prison mail system is not established—due Montgomery's failure to follow the applicable Rules.

4

not done so. *Id*. at 447. Moore argued that pursuant to § 2255(f)(4), his statute of limitations should run from the date he discovered that his attorney did not file a notice of appeal. The Sixth Circuit rejected Moore's argument because Moore brought forth no evidence to support his claim that he discovered his counsel's alleged failure two months after his time to file a notice of appeal expired. Specifically, the Sixth Circuit held that "Moore did not seek to preserve his appellate rights before filing this petition and offered no evidence to support his delayed-discovery claim, either in response to the district court's order to show cause or in his appellate brief. . . . Since Moore has not shown that he discovered his attorney's failure to file on November 6, 2007, or that he diligently inquired into the status of his appeal before then, he is not entitled to delay the start of the limitation period under § 2255(f)(4)." *Moore v. United States*, 438 Fed. App'x 445, 448 (6th Cir. 2011).

      This matter is even more lacking information than was present in *Moore*. Montgomery did not put forth *any* information regarding when he discovered his trial attorney did not file an appeal. Montgomery filed his motion more than twenty-five months after his time to file a notice of appeal expired. Montgomery "bears the burden of proving 'the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence.'" *United States v. Stevenson*, 2019 WL 11555278, at *2 (E.D. Ky. Dec. 27, 2019), *Recommended Disposition adopted by United States v. Stevenson*, 2020 WL 7408221, at *10 (E.D. Ky., Dec. 17, 2020). Thus, as in *Moore*, Montgomery—by his total lack of information—failed to demonstrate that he filed his § 2255 motion within one year of discovering that his attorney failed to file a notice of appeal.

**B.    MONTGOMERY'S ACTUAL INNOCENCE CLAIM IS BASED ON A MISUNDERSTANDING OF LAW**

Montgomery argues that the government did not or could not prove all of the elements of the § 924(c) charge to which he pleaded guilty, and, thus, he is actually innocent.[3]  "To establish actual innocence, a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Bluford v. Hudson*, 605 F. Supp. 2d 946, 953 (N.D. Ohio 2009).  Montgomery argues he could not be found guilty of 18 U.S.C. § 924(c)(1)(A) because he did not *use* a firearm in furtherance of his drug trafficking crime.  However, Montgomery did not plead guilty to *use* of a firearm in furtherance of a drug trafficking offense, but *possession* of a firearm in furtherance of a drug trafficking offense.  [DE 23 at 48-49 (Plea Agreement, ¶¶ 1, 3-4); DE 32 at 125-26 (Tr. of Rearraignment)].  Given that Montgomery does not contest possession of the firearm, this argument is fatally flawed.

**C.    MONTGOMERY'S REMAINING CLAIMS ARE UNTIMELY AND PROCEDURALLY BARRED**

Montgomery discusses, at length, what he believes were deficiencies in the Court's Rule 11 colloquy at his rearraignment.  [DE 28 and 34].  He also claims the search warrant used in his case was not supported by probable cause, in violation of his Fourth Amendment rights.  These claims are both untimely and procedurally barred by his plea agreement.

Montgomery offers absolutely no information regarding why he could not have brought these claims within one year of the date of his judgment.  At his rearraignment, the Court read the

---

[3] The United States addresses equitable tolling in its Response, stating that Montgomery's actual innocence claim is "seemingly" an argument for equitable tolling.  However, Montgomery does not make a claim for equitable tolling.  Thus, the Court will not address it.  The doctrine is "used sparingly[,]" and "[t]he party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).  A petition may be equitably tolled only if the petitioner demonstrates both that "he has pursued his rights diligently" and that "some extraordinary circumstance prevented timely filing." *Id*.  Even if Montgomery had raised it, the Court is not aware of any reason equitable tolling would apply in this case, as the Court finds his actual innocent claim to be meritless.

elements of that charge to Montgomery and he affirmatively stated he understood the charge. His plea agreement specifically referenced the firearms uncovered during the execution of the search warrant he now challenges. [DE 23 at Page ID # 49]. Montgomery offers no information as to why, if he was aware of the search warrant and understood the elements of the §924(c) charge at his rearraignment on August 8, 2018, he did not raise this issue until January 2021. [*See* District Court Docket Sheet (reflecting no activity from judgment entry on November 9, 2018, until motion to vacate was filed on January 11, 2021).]. Or, if he is claiming he later discovered the claims, he does not explicitly state that or explain when he discovered he had these claims. Thus, the claims are untimely and cannot be saved by § 2255(f)(4). *See Moore v. United States*, 438 Fed. App'x 445, 448 (6th Cir. 2011).

Additionally, Montgomery waived his right to collaterally attack his guilty plea, conviction, and sentence in ¶ 8 of his plea agreement. [DE 23 at Page ID # 51]. Montgomery's remaining grounds for relief fall under a collateral attack of his guilty plea and conviction. "It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement. The sine qua non of a valid waiver is that the defendant enter into the agreement knowingly and voluntarily." *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001) (internal citations omitted). The transcript of Montgomery's rearraignment reflects the Court provided a detailed description of paragraph 10 of his plea agreement and confirms that he understood the rights he was giving up:

> THE COURT: Now, the last sentence of paragraph 10 provides for a post-conviction attack waiver, and it states that the defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence, except for claims of ineffective assistance of counsel. So other than claims that Mr. Gallagher, during his representation of you, provided constitutionally ineffective assistance, which is a very high standard to begin with, but other than that sole claim, you're not going to be able to challenge your conviction and sentence based upon some other alleged constitutional violation. Do you understand that?

> THE DEFENDANT: Yes.
>
> THE COURT: Mr. Gallagher, have you gone over that?
>
> MR. GALLAGHER: I did, yes, sir.
>
> THE COURT: That's a difficult concept to grasp. Do you think he understands that?
>
> MR. GALLAGHER: Yes, sir.
>
> THE COURT: Having advised you of the rights you're giving up, is it still your intention to give up those rights?
>
> THE DEFENDANT: Yes.
>
> THE COURT: After reviewing the waivers in paragraph 10 with Mr. Montgomery and confirming he's gone over those with his lawyer, the Court finds the waivers in paragraph 10 are both knowing and voluntary and that Mr. Montgomery understands the consequences of both of those waivers.

[DE 23 at Page ID # 123-24 (Tr. of Rearraignment)]. "[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal" because of the "strong presumption of verity" of the statements made under oath during the plea colloquy." *Id*. at 74. The Court, applying this "strong presumption of [Montgomery's] veracity" during his plea colloquy, finds that Montgomery knowingly, intelligently, and voluntarily waived his right to collaterally attack her sentence. Thus, his remaining grounds for relief must be dismissed as both untimely and procedurally barred by his plea agreement.

### III.   CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") shall issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional

8

right" in *Slack v. McDaniel*, 529 U.S. 473,484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of the Montgomery' § 2255 motion or conclude that the issues warrant further review. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is **RECOMMENDED** that a certificate of appealability be **DENIED** upon the District Court's entry of its final order in this matter.

## IV.   CONCLUSION

For the reasons stated in this decision, the Court **RECOMMENDS** that:

1) the District Court **DENY**, with prejudice, Defendant's § 2255 motion [DE 28] as to all claims raised; and

2) the District Court **DENY** a certificate of appealability as to all issues, should Montgomery seek one.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b) (1), Fed. R. Civ. P. 72(b), Fed. R. Crim. P. 59(b), and local rule, within fourteen days after being served with

a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

Entered this the 22nd day of November, 2021.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge